IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hubert Lee Washington, Jr., ) | Criminal Action No.: 4:12-cr-444-RBH |
| ) | Civil Action No.: 4:14-cv-1654-RBH |
| Petitioner,    ) | |
| ) | |
| v.    ) | **ORDER** |
| ) | |
| United States of America,    ) | |
| ) | |
| Respondent.    ) | |
| ) | |

Pending before the Court is Hubert Lee Washington, Jr.'s ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 49. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 22, 2012, a federal grand jury returned a one count indictment against Petitioner. *See* Indictment, ECF No. 2. The indictment charged Petitioner with being a felon in possession of a firearm. *See id*. at 1.

On October 15, 2012, Petitioner pled guilty to County 1 of the indictment without a plea agreement. *See* Minute Entry, ECF No. 37; Guilty Plea, ECF No. 38. On April 10, 2013, the Court sentenced Petitioner to a term of 180 months. *See* Minute Entry, ECF No. 43; Judgment, ECF No. 45.

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

An appeal has not been filed in this matter. However, on April 24, 2014, Petitioner filed the instant Motion to Vacate. *See* ECF No. 49. On May 19, 2014, the Government filed a motion for summary judgment, asserting that Petitioner's motion to vacate is without merit. *See* ECF No. 54. An Order filed on May 19, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. *See* Order, ECF No. 55. Petitioner timely filed a response in opposition to Defendant's motion on June 20, 2014. *See* Pet.'s Resp., ECF No. 57.

Petitioner's Motion to Vacate alleges the following ground for relief, copied verbatim:

> **Ground 1**: Defendant was wrongly enahnced [sic] under the Armed Career Offender guidelines of the 924(e)(1), because he does not have the qualifying predicates. In the present case petitioner does not have the predicate offenses to qualify under the 21 U.S.C. § 924(e)(1). Because his prior convictions were consolidated for one judgment.

ECF No. 49 at 4.

## APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a

---

[2] Respondent does not dispute whether Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The Court notes, however, that it does not appear to have been timely filed. Where a Petitioner does not pursue a direct appeal, the conviction becomes final when the judgment is entered on the docket. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *see also United States v. Osborne*, 452 F. App'x 294 (4th Cir. 2011). Here, the Court entered Petitioner's judgment on the docket on April 12, 2013. *See* Judgment, ECF No. 45. Accordingly, Petitioner's conviction became final on that date and Petitioner had one (1) year, until April 12, 2014, in which to file his § 2255 motion. Petitioner did not file the instant § 2255 motion until April 24, 2014, approximately twelve days after the expiration of the limitation period. Thus, Petitioner's § 2255 Motion appears to be untimely under § 2255(f)(1). In light of the analysis herein, however, the Court need not reach the timeliness issue.

petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## ANALYSIS

### I.     Parties' Arguments

As the Government noted in its response brief, the exact argument(s) Petitioner attempts to articulate in his motion is unclear. However, the Court agrees with the Government that Petitioner's

primary argument is based on *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). Petitioner asserts that the Court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act ("ACCA") without presenting the "fact that elevated his sentence . . . to a jury and proven beyond a reasonable doubt." *See* ECF No. 49-1 at 2. In other words, his armed career criminal status "should have been decided by a jury, not a judge." *See id.* at 3. Petitioner also appears to assert that some of his predicate offenses no longer qualify for ACCA purposes in light of *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). *See* ECF No. 49-1 at 3–4. Accordingly, Petitioner asserts that he is "actually innocent of being an armed career criminal." *See id.* at 4. Petitioner then argues that some of the predicate offenses listed in the PSR were not separated by intervening arrests, did not occur on different dates, and that he was sentenced for them at the same time. *See* ECF No. 49-2 at 1. Thus, he argues, they do not qualify as separate predicate offenses. *See id.* Finally, Petitioner asserts that his motion is timely under § 2255(f)(3) because it was filed within one year of the *Alleyne* decision. *See* ECF No. 49-1 at 4. In a separate filing, Petitioner asserts that his motion is timely because it was filed within a year of the *Descamps* decision. *See* ECF No. 49-2 at 1.

      The Government filed a response in opposition and a motion for summary judgment asserting that the motion to vacate is without merit. *See* ECF No. 54-1. The Government construed the Petition as primarily asserting an *Alleyne* argument, and thus focused on addressing that claim. The Government argues that *Alleyne* is inapplicable to this matter because that case specifically held it was not intended to influence the Court's sentencing discretion. *See id.* at 3–5. Moreover, the Government notes that even if *Alleyne's* holding applied, it has not been made retroactive on collateral review. *See id.* at 5. The Government also briefly addressed Petitioner's argument about his convictions being consolidated, noting that even if the two convictions referenced by Petitioner

4

only counted as one predicate, he still remains an armed career criminal based on two additional convictions for distribution of cocaine and distribution of crack cocaine. *See id.* at 3 n.1. Finally, the Government notes that Petitioner mentions *Descamps* in his argument but does not provide any meaningful discussion as to how that case's holding would apply to his motion. *See id.*

Petitioner filed a reply to the Government's response, reasserting that his sentence was wrongly enhanced pursuant to ACCA because he does not have the requisite predicate offenses in light of *Descamps*. Petitioner asserts that his claim is cognizable on collateral review in light of the Fourth Circuit's panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).[3] Petitioner argues that his predicate offenses for distribution of crack cocaine do not qualify under ACCA because the South Carolina code section for these offenses is "divisible under Descamps rule." *See id.* at 2. Finally, Petitioner argues that his convictions were consolidated for judgment and thus do not qualify "because [they] are a single offense." *See id.*

## II. Discussion

### 1. *Alleyne*

Petitioner's primary argument in his motion to vacate relates to *Alleyne*, asserting that the Court erred in not posing the question of Petitioner's armed career criminal status to the jury. The Court agrees with the Government that this argument is without merit.

In *Alleyne*, the defendant was charged with robbery and using or carrying a firearm. *Alleyne*, 133 S.Ct. at 2155. The jury found that the defendant in Alleyne had used or carried a firearm but did not indicate whether he "brandished" a gun. *Id.* at 2155–56. If the defendant had "brandished" a gun, his mandatary minimum sentence would have increased from five years to seven years. *Id.* The trial court sentenced the defendant to seven years after finding by a

---

[3] The Court notes that this decision was later vacated by the Fourth Circuit's *en banc* decision in *Whiteside*, 775 F.3d 180 (4th Cir. 2014).

preponderance of the evidence at the sentencing hearing that the defendant "brandished" a gun. *Id.* A previous Supreme Court case, *Harris v. United States*, 536 U.S. 545 (2002), permitted district courts to make factual findings by a preponderance of the evidence that increase mandatory minimums without violating a defendant's Sixth Amendment rights. The majority in *Alleyne* overruled *Harris* and held that the issue of whether the defendant brandished a gun should have been submitted to the jury. *Id.* at 2163. The Court held that facts which increase a mandatory minimum are elements of the offense and thus must be proven beyond a reasonable doubt. *Id.* Here, Petitioner's argument that *Alleyne* entitles him to relief is without merit for a number of reasons.

First, in order for *Alleyne* to entitle Petitioner to relief, the Supreme Court must make the supposed right "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court has not declared that the new rule in *Alleyne* is retroactive on collateral review. *See, e.g.*, *McClam v. United States*, No. 4:13-cv-01396, 2014 WL 5312907, at *12 (D.S.C. Oct. 16, 2014) ("However, *Alleyne* offers the Petitioner no relief. Petitioner was sentenced on August 11, 2011, and *Alleyne*, which was decided on June 17, 2013, has not been made retroactive on collateral appeal."); *see also United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that the constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive). Petitioner was sentenced on April 10, 2013 and *Alleyne* was decided on June 17, 2013. Accordingly, *Alleyne* offers him no relief since it has not been made retroactive on collateral review.

Second, even if the Court were to assume that *Alleyne* is retroactive on collateral review, Petitioner fails to identify in what way his conviction ran afoul of *Alleyne*. In fact, the holding in *Alleyne* is simply inapplicable to Petitioner's case. First and foremost, Petitioner's knowing plea negates his *Alleyne* claim. Petitioner pled guilty without a plea agreement, wherein he admitted to being a felon in possession of a firearm. Thus, to the extent Petitioner argues that his prior felony conviction was a fact that should have been determined beyond a reasonable doubt, this argument is unavailing. *See United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("We have recognized that *Alleyne's* extension of *Apprendi* to facts that increase a minimum statutory sentence left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his . . . claim."); *United States v. Yancy*, 724 F.3d 596, 601–02 (6th Cir. 2013) (explaining that *Alleyne* did not change the rule that, when government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt); *United States v. Vasquez*, No. 7:09CR00015–002, 2013 WL 5435825, at *2 (W.D. Va. Sept. 27, 2013) (examining *Alleyne* and explaining that any fact which subjects the defendant to a higher mandatory minimum sentence "must either b[e] admitted by the defendant or found by the jury beyond a reasonable doubt").

Moreover, it is similarly unavailing for Petitioner to argue that *Alleyne* stands for the proposition that the predicate offenses giving rise to his armed career criminal must be established beyond a reasonable doubt. As a district court in the Fourth Circuit has explained, "[defendant's] claim, however, is not made cognizable under *Alleyne* because his mandatory minimum was based on his status as an armed career criminal under 18 U.S.C. § 924(e) as a result of prior convictions. . . . As noted above, the rule set out in *Apprendi*, and extended in *Alleyne*, does not apply to prior

7

convictions." *United States v. Richardson*, No. 3:13-CV-21, 2013 WL 3991474 (E.D. Va. Aug. 2, 2013); *see also United States v. Booker*, 543 U.S. 220, 244 (2005) (explaining, when discussing the rule of *Apprendi*, which was extended by *Alleyne*, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); *United States v. Wynn*, 531 F. App'x 596, 597 (6th Cir. 2013) (holding that *Alleyne* did not undermine the rule set forth in *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), that the fact of a prior conviction does not need to be set forth in the indictment and proven beyond a reasonable doubt).

Accordingly, based on the foregoing, the Court finds that Petitioner's *Alleyne* argument is without merit.

### 2. Number of Predicate Offenses

The only other argument articulated in the actual motion to vacate is a vague argument about Petitioner's number of ACCA predicate offenses. Petitioner clarifies in his reply brief that his motion regarding the ACCA predicate offenses is based on *Descamps*, as he argues that in light of that decision his offenses for distribution of crack cocaine do not qualify as predicate offenses. *Descamps*, however, is not applicable to this matter because that case concerned the procedure for determining whether a conviction constituted a "violent felony" for ACCA purposes, not whether the prior conviction constituted a "serious drug offense." *See generally Descamps*, 133 S. Ct. 2276. A serious drug offense "is any offense under state law that involves the distribution or possession with intent to distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law." *United States v. Smalls*, 559 F. App'x 242, 244 (4th Cir. 2014) (citing 18 U.S.C. § 924(e)(2)(A)). The provision Petitioner violated, S.C. Code Ann. § 44-53-110, *et seq.*, clearly contains a maximum term of ten years or more for distribution of cocaine base, *see*

S.C. Code Ann. § 44-53-375(B), and a maximum term of ten years or more for distribution of cocaine, *see* S.C. Code Ann. § 44-53-370(b)(1).  Accordingly, the Court finds that the offenses listed in the PSR as qualifying as ACCA predicate offenses are accurate.  *Cf. Brown v. United States*, No. 2:12-cv-286 DCN, 2012 WL 4903675, at *3 (D.S.C. Oct. 16, 2012) (finding that Petitioner's South Carolina conviction for distribution of crack cocaine offense was a serious drug offense qualifying as a predicate under ACCA); *United States v. Hampton*, No. 3:07-1517-CMC, 2012 WL 3686085, at *5 (D.S.C. Aug. 24, 2012) (finding that Petitioner's South Carolina conviction for distribution of cocaine was a serious drug offense qualifying as a predicate under ACCA).

Petitioner's final argument, primarily articulated in his reply brief, is that several of his convictions were "consolidated for judgment" and thus constitute a single offense for ACCA purposes.  The only requirement for convictions to count as separate predicate offenses under ACCA is that they "be committed on occasions different from one another." *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992). As the Fourth Circuit has clearly explained, "predicate offenses need not be tried or sentenced separately to be counted as separate offenses for purposes of the armed career criminal enhancement." *United States v. Fikes*, 585 F. App'x 20, 21 (4th Cir. 2014). Courts analyze five factors in determining whether offenses should be counted separately under ACCA: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense. *United States v. Thompson*, 584 F. App'x 101, 105 (4th Cir. 2014) (citing *United States v. Carr*, 592 F.3d 636, 644 (4th Cir.

9

2010)) (finding two burglaries that "occurred at two residences separated by two miles, with separate victims" and that "were sequential in time" qualified as separate ACCA predicate offenses).

Petitioner has not set forth any argument for why his distribution of crack cocaine and cocaine convictions should not count as ACCA predicate offenses, aside from his claim that they were consolidated for sentencing purposes and a vague assertion that they were not committed on the same day or separated by intervening arrests. A thorough review of the Presentence Report ("PSR")[4] reveals that, applying the test articulated in *Thompson*, each of these offenses would qualify as "separate offenses" for ACCA purposes. They each involved different locations, facts, and criminal objectives, and occurred on different dates. *See* PSR, ECF No. 48 at 6–7; *see also Thompson*, 584 F. App'x at 105. Accordingly, the Court finds that each of the three offenses questioned by Petitioner all qualified as ACCA predicate offenses, justifying Petitioner's sentence as an armed career criminal.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies

---

[4] The Court notes that it is entitled to rely on the information contained in the presentence report. *See, e.g.*, *United States v. Thompson*, 421 F.3d 278. 285 (4th Cir. 2005) (noting that the PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictment and state-court judgments from [prior] convictions"); *United States v. Hickman*, 358 F. App'x 488, 489 (4th Cir. 2009) (finding that for purposes of the armed career criminal enhancement, that the court "may rely on a prepared presentence investigations report ("PSR") to determine whether a prior crime qualifies as a predicate offense").

10

relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

Florence, South Carolina  
April 23, 2015